## Commonwealth v. Boyer

*James Menconi, assistant district attorney,* for the Commonwealth.
*Blair Warner,* for defendant.

RUBRIGHT, *J.,* November 8, 1991—This matter is presently before the court on the defendant's omnibus pre-trial motion in which he seeks the suppression of evidence. A hearing was held, after which counsel were given an opportunity to submit briefs in support of their respective positions. We have received and reviewed the briefs and are now prepared to dispose of the matter.

The relevant facts presented at the hearing established the following: On October 10, 1990, the defendant was arrested for the burglary of a hardware store in Susquehanna Township, Dauphin County. During the investigation of that burglary, it had become evident that the defendant may also have been involved in a burglary in Tower City, Schuylkill County. Officer James Lenker of the Susquehanna Township Police Department first met with the defendant in the office of the defendant's parole officer in York County. He served the defendant with an arrest warrant and advised him of his *Miranda* rights. The defendant was arraigned by a district justice in York County and then transported to Susquehanna Township where he was again arraigned. En route to Susquehanna Township, the defendant told Officer Lenker that he wanted to talk to him. When they arrived at the Susquehanna Township police station, the defendant was given a waiver of rights form which he read and signed. Both before and after the defendant signed the waiver, Officer Lenker discussed helping him in regard to a state parole detainer and a bail reduction. During his conversation with Officer Lenker, the defendant admitted to his involvement in the Tower City burglary. He would not agree, however, to give the officer a written or recorded state-

ment. Since he would not cooperate by doing so, Officer Lenker's earlier offer of assistance was withdrawn.

The defendant argues that his admission should be suppressed because his waiver of his *Miranda* rights was based on the assurances of assistance by Officer Lenker and was, therefore, not knowing and voluntary. We agree that Officer Lenker improperly induced the defendant to confess and his admission must be suppressed.

In determining whether a confession obtained as a result of a custodial interrogation is admissible, the accused's *Miranda* rights must have been explained to him and he must have knowingly, voluntarily, and intelligently waived those rights. *Commonwealth v. Carter,* 377 Pa. Super. 93, 546 A.2d 1173 (1988). The burden is upon the Commonwealth to show that the confession was voluntary. *Commonwealth v. D'Amato,* 514 Pa. 471, 526 A.2d 300 (1987). The test for determining whether the confession was voluntary and the waiver of the *Miranda* rights was valid is a totality of the circumstances. *Id.* The court must consider a variety of factors when making the determination of voluntariness, including the duration and methods of interrogation, the conditions of detention, the manifest attitude of the police toward the accused, the accused's physical and psychological state, and any other conditions which "may serve to drain one's powers of resistance to suggestion and undermine his self-determination." *Id.* at 481-438, 526 A.2d at 305, *citing Commonwealth v. Crosby,* 464 Pa. 337, 346 A.2d 768 (1975).

In *Commonwealth v. Gibbs,* 520 Pa. 151, 553 A.2d 409 (1989), the Supreme Court held that a police

officer's statement to a defendant that he would tell the district attorney of the defendant's cooperation constituted an impermissible inducement which tainted the defendant's subsequent admissions. The court stated that:

"By conveying the distinct impression that the district attorney would be told of his cooperation in giving a confession on the spot, there occurred an inescapable inducement which cannot be condoned under our law. For while we recognize that the police have a legitimate responsibility to conduct investigations, including interrogations, criminal suspects have a constitutional right to make up their own minds as to whether they want the *Miranda* protections. Promises of benefits or special considerations, however benign in intent, comprise the sort of persuasion and trickery which can easily mislead suspects into giving confessions. The process of rendering *Miranda* warnings proceed freely without any intruding frustration by the police. Only in that fashion can we trust the validity of subsequent admissions, for if the initial employment of *Miranda* is exploited illegally, succeeding inculpatory declarations are compromised. Misleading statements and promises by the police choke off the legal process at the very moment which *Miranda* was designed to protect." *Commonwealth v. Gibbs, supra.*

The court concluded that the authorities cannot be permitted to employ inducements which impair in any way a suspect's right to his own unfettered evaluation of the need to invoke his constitutional rights.

In the instant case, after he was advised of his *Miranda* rights, the defendant was told by Officer Lenker that

if the defendant cooperated, he would help him in regard to a state parole detainer and a bail reduction. The defendant then admitted to his involvement in the Tower City burglary. Due to his refusal to give a written or recorded statement, however, he was considered uncooperative and the officer's offer of assistance was withdrawn.

We believe that the inducement offered by the police in this case is precisely the type of inducement which the Supreme Court has found impermissible. Moreover, how can we trust the validity of an admission by a defendant when the defendant cannot trust the validity of the police officer's inducement? Under the circumstances, we must conclude that the defendant's admission was unlawfully induced.

Accordingly, we enter the following

### ORDER

And now, November 8, 1991, after hearing and careful consideration of the evidence, it is hereby ordered that the defendant's omnibus pre-trial motion is granted and the defendant's admission to Officer Lenker is suppressed.